THE HONORABLE _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT J. THOMAS, in his capacity as Shareholder Representative on behalf of the shareholders of Legal Systems Holding Company, a Delaware Corporation,<br><br>                  Plaintiff,<br><br>    v.<br><br>WILLIAM JAMES DEL BIAGGIO, III, a California resident, on behalf of his residual interest as General Partner of SAND HILL CAPITAL II, LP, a Delaware Limited Partnership; R. TODD NEILSON, in his capacity as Bankruptcy Trustee for William James Del Biaggio, III, a California resident; THOMVEST HOLDINGS, LLC, a Delaware limited liability company; and DOES 1-10<br><br>                  Defendants. | No. _____<br><br>**COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF** |

Plaintiff Robert J. Thomas, who is the duly appointed representative ("Shareholder Representative") of the shareholders of Legal Systems Holding Company ("Legal Systems"), alleges as follows:

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

99999-6929/LEGAL19410820.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## I.     INTRODUCTION

1.     Plaintiff Thomas, acting as Shareholder Representative, files this action pursuant to 28 U.S.C. § 1335 allowing interpleader actions, and 28 U.S.C. § 2201 allowing the remedy of a declaratory judgment.  Upon the filing of this Complaint, Plaintiff Thomas has sought to deposit, pursuant to Fed. R. Civ. P. 67, nine million, nine hundred twenty thousand, and two hundred forty two dollars ($9,920,242) (hereinafter, the "Stake") with the Clerk of the Court.

2.     The Stake constitutes the currently exercisable value of a September 6, 2002, Warrant to Purchase Common Stock of Legal Systems, issued by Legal Systems to Sand Hill Capital II, L.P., a Delaware limited partnership (hereinafter, the "Warrant").  Legal Systems was acquired by Thomcorp Holdings, Inc. ("Thomcorp.") pursuant to an Agreement and Plan of Merger by and between Legal Systems, Legal Systems' shareholders, the Shareholder Representative, and Denali Acquisition Corp., dated October 1, 2010 (the "Merger Agreement").  Accordingly, the Warrant is now exercisable for its cash value, and the value of the Stake Plaintiff seeks to interplead represents both a proportionate share of the pre-closing cash dividend and a proportionate share of the consideration paid at closing pursuant to the Merger Agreement.  The final exercisable value of the Warrant, and accompanying value of the Stake, may be subject to further upward adjustment as described herein.

3.     Under the terms of the Warrant, the holder is entitled to redeem it for 500,000 shares of the common stock of Legal Systems.  Pursuant to Section 1.7 of the Warrant, it is exercisable for its cash value upon the acquisition (which includes "any sale, license, or other disposition of all or substantially all of the assets" of Legal Systems) of Legal Systems.  As a result of the Merger Agreement, the Warrant is now exercisable for its cash value.

4.     Since the September 6, 2002, issuance of the Warrant, claimants in addition to the initial holder of the Warrant, Sand Hill Capital II, L.P., have asserted or may assert rights to the proceeds of the Warrant.  These additional parties include the Defendants named herein: R. Todd Neilson, in his capacity as Bankruptcy Trustee for William James Del Biaggio ("Del Biaggio"),

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

99999-6929/LEGAL19410820.1

III, a California resident; Del Biaggio, as the managing member of the general partner of Sand Hill Capital II, L.P., Sand Hill Capital Management, LLC; and Thomvest Holdings, LLC a Delaware limited liability company (collectively, "Named Defendants").  Similarly, there may be parties who have yet to be identified who could claim an interest to the Warrant (hereinafter, "Doe Defendants").  Both R. Todd Nielson, as Bankruptcy Trustee, and Thomvest Holdings, LLC, have claimed rights to the Warrant proceeds and recovery of the Stake.

5.      In light of this controversy, the Plaintiff Shareholder Representative initiates this interpleader action under 28 U.S.C. § 1335 in order to avoid defending against multiple lawsuits and the risk of multiple liability or inconsistent obligations.  Accordingly, the Shareholder Representative requests that the Court: (a) determine which claimant or claimants are entitled to the Stake, (b) to enter a judgment that dismisses the Shareholder Representative with prejudice from this action, and (c) enter a declaratory judgment specifying whether R. Todd Neilson, Thomvest Holdings, LLC, or any other claimant or claimants are the proper recipient of the Stake.

## II.      PARTIES

6.      Plaintiff Robert J. Thomas is the Shareholder Representative of the shareholders of Legal Systems, and is a resident of Washington.

7.      Defendant Del Biaggio was the managing member of Sand Hill Capital Management, LLC, a Delaware limited liability company who was the sole general partner of Sand Hill Capital II, L.P., a limited partnership organized under the laws of Delaware.

8.      Defendant R. Todd Neilson, a resident of California, is the court appointed Chapter 11 Trustee for the bankruptcy estate of Del Biaggio.

9.      Defendant Thomvest Holdings, LLC, is a Delaware limited liability company whose sole member is Thomvest Seed Capital, Inc., a Canadian corporation.

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

10.     Defendants DOES 1-10 are, on information and belief, persons or entities with a claim to the proceeds of the Warrant as its proper holder, as an assignee or through other direct claim to the Warrant.

### III.     JURISDICTION AND VENUE

11.     This Court has jurisdiction of this interpleader action pursuant to 28 U.S.C. § 1335 in that at least two adverse claimants of diverse citizenship are claiming or may claim an interest in the Stake that is the subject of this action, which has a value of substantially more than $500.  Plaintiff will tender the sum in controversy to the Clerk of the Court for deposit in the Court's registry.

12.     Venue in this action is proper in this district under 28 U.S.C. § 1397, in that at least one interpleader claimant resides in the district by virtue of being subject to jurisdiction pursuant to 28 U.S.C. § 1391(d).

### IV.     FACTS

**Issuance of the Warrant in September 2002**

13.     On August 26, 2002, Legal Systems and Sand Hill Capital II, L.P., entered into a Purchase and Assignment Agreement whereby Sand Hill Capital II, L.P. transferred to Legal Systems a single credit facility in exchange for the Warrant.  The Warrant permitted Sand Hill Capital II, L.P. to purchase 500,000 shares of Legal Systems Common Stock.

14.     The Warrant was issued on September 6, 2002, and designated Sand Hill Capital II, L.P. as the Warrant holder.  According to the terms of the Warrant, its holder is entitled to exercise the Warrant's cash value upon any "Acquisition "of Legal Systems, defined under Section 1.7 of the Warrant as any "sale, license, or other disposition of all or substantially all of the assets of the Company."  Upon completion of any "Acquisition" of Legal Systems, the Warrant becomes exercisable for "the same securities, cash, and property as would be payable for the Shares issuable upon exercise of the unexercised portion of this Warrant as if such Shares were outstanding on the record date for the Acquisition and subsequent closing."

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

15.     The Warrant further states that it "shall be governed by the laws of the State of Washington, as such laws are applied to contracts to be entered into and performed entirely in Washington by Washington residents."

16.     On information and belief, Thomvest Holdings, Inc. was an equity investor of in Sand Hill Capital II, L.P. at the time of the issuance of the Warrant.  On further information and belief, Thomvest Holdings, Inc. is also the predecessor entity of Defendant Thomvest Holdings, LLC.

17.     Sand Hill Capital II, L.P., the initial holder of the Warrant, is a Delaware limited partnership whose general partner was Sand Hill Capital Management, LLC.  The managing member of Sand Hill Capital Management, LLC was Defendant Del Biaggio.

18.     On August 25, 2005, Sand Hill Capital II, L.P., the initial holder of the Warrant, was liquidated.  No request to exercise the Warrant was made at the time of the liquidation of Sand Hill Capital II, L.P.  Other than the Certificate of Cancellation, Plaintiff has no evidence of the terms for distribution of the assets of Sand Hill Capital II, L.P. upon liquidation.

**Transfer of Sand Hill Capital Holdings, Inc. and Del Biaggio Interests to Thomvest**

19.     On information and belief, on November 30, 2007, Defendant Thomvest Holdings, LLC, sold its interests in Defendant Sand Hill Capital Holdings, Inc., to Del Biaggio. Contemporaneous with this November 30, 2007, purchase and sale agreement, Del Biaggio sold certain cash, stocks, and warrants to Thomvest Holdings, LLC.

20.     On information and belief, among the assets sold by Del Biaggio to Thomvest Holdings, LLC, on November 30, 2007, were Sand Hill's interests in several stock warrants.

21.     On information and belief, Thomvest Holdings alleges that the Warrant at issue in this lawsuit was intended to by the parties to the transaction to have been among the assets transferred from Del Biaggio to Thomvest Holdings, LLC, on November 30, 2007, but was erroneously not identified among the assets sold by Del Biaggio to Thomvest Holdings, LLC.

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

99999-6929/LEGAL19410820.1

22.     On June 6, 2008, Defendant Del Biaggio filed for Chapter 11 bankruptcy in United States Bankruptcy Court for the Northern District of California.  The Chapter 11 Trustee administering the estate is Defendant R. Todd Neilson.  On information and belief, Del Biaggio pled guilty to securities fraud charges in June of 2009, and is currently serving a sentence in federal prison.

**Acquisition of Legal Systems and Exercisable Value of the Warrant**

23.     On October 1, 2010, Legal Systems was acquired by the purchaser Thomcorp Holdings, Inc., pursuant to the terms of an Agreement and Plan of Merger by and between Legal Systems, the Shareholders of Legal Systems, Thomcorp Holdings, Inc., and Denali Acquisition Corp.  The sale of Legal Systems, pursuant to the Merger Agreement, closed on October 4, 2010.

24.     The cash value of the Stake, based on the value of the 500,000 shares of Legal Systems' common stock and the Warrant holders' entitlement to a proportionate share of the pre-closing dividend generated as a result of the Merger is $9,920,242.

25.     In accordance with the terms of the Merger Agreement, the funds representing the value of the Warrant were placed in an escrow account in contemplation of the initiation of this action.

26.     Also in accordance with the terms of the Merger Agreement, the Shareholders of Legal Systems designated Plaintiff as Shareholder Representative.  Under the terms of the Merger Agreement, Plaintiff Shareholder Representative is given full power and authority to take any actions on behalf of the Shareholders contemplated by the Merger Agreement.

27.     In light of the competing claims to the proceeds from the Warrant, the Merger Agreement directs the Shareholder Representative, acting on behalf of the Shareholders of Legal Systems, to initiate an action seeking a determination of the proper holder of the Warrant, and accompanying distribution of the Stake.

28.     The Merger Agreement also provided for certain amounts to be held or paid to the Shareholder Representative on behalf of the Shareholders to pay for the post-closing

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 6

administration of matters required under the terms of the Merger Agreement, including distribution of the Warrant funds.  Additionally, a portion of the merger consideration was paid into an indemnity escrow account to secure the payment of the Shareholders' indemnification obligations under the terms of the Merger Agreement.  Upon completion of the distribution of those funds, in accordance with the terms of the Merger Agreement, any funds remaining in escrow or held by the Shareholder Representative for the benefit of the Shareholders shall be distributed to the Shareholders of Legal Systems, which will result in a distribution of the Warrant holder's proportionate share of those remaining funds to whomever is determined to be the proper holder of the Warrant ("Escrow Fund").  The Merger Agreement contemplates release of any remaining Escrow Funds within eighteen months of the Merger Agreement's October 4, 2010, closing date.

29.     Counsel for Defendant R. Todd Neilson, and Defendant Thomvest Holdings, LLC, have been informed of the acquisition of Legal Systems and the accompanying exercisable value of the Warrant.  Both Neilson and Thomvest Holdings, LLC, have made competing and inconsistent claims to the proceeds of the Warrant.

## V.     CLAIMS

### FIRST CLAIM: INTERPLEADER PURSUANT TO 28 U.S.C. § 1335

30.     Plaintiff restates and incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 29 above.

31.     Plaintiff has in its custody or possession money totaling $9,920,242, which comprises the current exercisable value of the Warrant as well as the Warrant holder's proportionate share of a dividend paid as a result of the Merger Agreement.  Plaintiff has therefore sought to deposit with the registry of the Court a sum in the amount of $9,920,242 as the disputed Stake in this action.  The final exercisable value of the Warrant, and accompanying value of the Stake, may be subject to further adjustment by the distribution of additional Escrow Fund amounts as described in ¶¶ 2 and 28, above.

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

32.     Plaintiff has sought permission from the Clerk of the Court to deposit the Stake into the registry of the Court, there to abide the judgment of the Court.

33.     Named Defendants including, but not limited to, R. Todd Neilson and Thomvest Holdings, LLC, claim or may claim mutually inconsistent and independent rights to the Stake. Doe Defendants, on information and belief, may also claim mutually inconsistent and independent rights to the Stake. Plaintiff therefore is, or may be, subjected to multiple competing claims and liability.

34.     Plaintiff is entitled to join all Defendants and require each to seek a judicial determination as to the lawful ownership and control of the disputed Stake so that Plaintiff may avoid the possibility of multiple litigation or double or inconsistent liability to and among the Defendants.

35.     Unless Plaintiff is permitted to interplead the Stake, and thereby seek discharge from the action, Plaintiff will be subject to a substantial risk of liability and duplicative or inconsistent rulings as to the proper ownership and control of the disputed Stake.

**SECOND CLAIM: DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**

36.     Plaintiff restates and incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 35 above.

37.     Upon information and belief, Defendants including R. Todd Neilson and Thomvest Holdings, LLC, claim or may claim rights to distribution of the Stake. In light of this actual controversy, this Court has the power to enter a declaratory judgment pursuant to 28 U.S.C. § 2201.

38.     Plaintiff seeks a declaration from the Court, ordering to whom it should distribute the proceeds of the Warrant represented by the Stake, and an accompanying declaration that the party or parties awarded the proceeds of the Stake represent any or all parties who claim or could have claimed a right to such proceeds.

**PRAYER FOR RELIEF**

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

WHEREFORE, Plaintiff Shareholder Representative prays for the following relief:

1.      Issuing process or summons out of this Court for the Defendants, requiring each of them to appear and disclaim any interest in the Stake deposited with the Court, or alternatively to appear and answer this Complaint;

2.      Ordering Defendants to interplead their respective claims to the Stake, and for the court to adjudge whether or whom among the Defendants is entitled to the Stake;

3.      Ordering that Plaintiff is discharged from all liability except to the party, person, or entity the Court shall adjudge is entitled to the Stake, upon acceptance into the registry of the Court the $9,920,242 Stake, representing the exercisable value of the Warrant;

4.      Ordering that Plaintiff be discharged from all further liability asserted, or that could have been asserted, with respect to claims for the Warrant;

5.      Ordering that Plaintiff be dismissed from this action with prejudice following deposit of the Stake into the registry of the Court, subject to this Court's limited continuing jurisdiction for the purpose of the Shareholder Representative distributing to the party, person, or entity the Court shall adjudge is entitled to the Stake, any additional Escrow Fund amounts that the Warrant holder may be entitled to;

6.      Awarding Plaintiff its reasonable attorneys' fees and costs that it is compelled to expend in the prosecution of this suit, and;

7.      Awarding Plaintiff any additional or further relief which the Court deems, proper, equitable and just.

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 9

1
2   DATED:  March 2, 2011                      s/ *Charles C. Sipos*, WSBA No. 32825
3                                              Charles C. Sipos, WSBA No. 32825
4                                              Csipos@perkinscoie.com
5                                              Michael H. Himes, WSBA No. 19423
6                                              MHimes@perkinscoie.com
7                                              **Perkins Coie LLP**
8                                              1201 Third Avenue, Suite 4800
9                                              Seattle, WA 98101-3099
10                                             Telephone:  206.359.8000
11                                             Facsimile:  206.359.9000
12
13                                             Attorneys for Plaintiff
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

COMPLAINT FOR INTERPLEADER
(No. _____ ) – 10

99999-6929/LEGAL19410820.1