HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT J. THOMAS, in his capacity as Shareholder Representative on behalf of the shareholders of Legal Systems Holding Company, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM JAMES DEL BIAGGIO, III, a California resident, on behalf of his residual interest as General Partner of SAND HILL CAPITAL II, LP, a Delaware Limited Partnership; R. TODD NEILSON, in his capacity as Bankruptcy Trustee for William James Del Biaggio III, a California Resident; THOMVEST HOLDINGS, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | No. 11-cv-00361-RSL<br><br>DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF; TRUSTEE'S STATEMENT OF CLAIM TO FUNDS IN DISPUTE |

DEFENDANT R. TODD NEILSON'S ANSWER TO
COMPLAINT FOR INTERPLEADER PURSUANT TO 28
U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC.
(Cause No. 11-cv-00361-RSL) – Page 1

DOCS_SF:76886.1

BUSH STROUT &
KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Defendant and claimant, R. Todd Neilson (the "Defendant" or "Trustee"), solely in his capacity as the chapter 11 trustee for the bankruptcy estate of William James Del Biaggio, III (the "Debtor") in Case No. 08-30991 pending in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court"), hereby:  (a) answers the allegations in the *Complaint for Interpleader Pursuant to 28 U.S.C. § 1335 and for Declaratory Relief* (the "Complaint")[1] filed by Robert J. Thomas (the "Plaintiff"), in his capacity as the shareholder representative of Legal Systems Holding Company ("Legal Systems"), and (b) submits this statement of claim to the funds in dispute, as follows:

## ANSWER TO COMPLAINT FOR INTERPLEADER

### I.   INTRODUCTION

1. Defendant admits that the above-captioned action has been filed by Plaintiff.  Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that ground denies the same.

2. Defendant admits that the Warrant was issued by Legal Systems to Sand Hill Capital II., L.P. ("Sand Hill II"), a Delaware limited partnership, and that the Warrant is now exercisable for its cash value.  Except as so admitted, Defendant lacks

---

[1] All capitalized terms not defined herein shall have the meanings set forth in the Complaint.

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 2
DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that ground denies the same.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant admits that he asserts an interest in the proceeds of the Warrant on behalf of the Debtor's bankruptcy estate, and that Thomvest Holdings LLC ("Thomvest") asserts a competing interest in the proceeds of the Warrant. Defendant denies that the Debtor has any direct interest to the proceeds of the Warrant as a result of his bankruptcy filing. Defendant is not aware of any other competing claims to the proceeds of the Warrant. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and on that ground denies the same.

5. Defendant admits that a determination is needed as to the Trustee's and Thomvest's relative rights to the proceeds of the Warrant. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and on that ground denies the same.

## II.   PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and on that ground denies the same.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

DEFENDANT R. TODD NEILSON'S ANSWER TO
COMPLAINT FOR INTERPLEADER PURSUANT TO 28
U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC.
(Cause No. 11-cv-00361-RSL) – Page 3

DOCS_SF:76886.1

BUSH STROUT &
KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1      8.    Defendant denies that he is a resident of California, but admits that he is the court appointed chapter 11 trustee for the Debtor's bankruptcy estate.

    9.    Defendant admits that Thomvest is a Delaware limited liability company. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and on that ground denies the same.

    10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and on that ground denies the same.

### III.    JURISDICTION AND VENUE

    11.    Defendant admits that there are two adverse claimants, the Trustee and Thomvest, who are of diverse citizenship and who are claiming an interest in the proceeds of the Warrant. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and on that ground denies the same.

    12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and on that ground denies the same. Defendant seeks to transfer venue of this proceeding to the Northern District of California.

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 4

DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

## IV. FACTS

13. Defendant admits that the Warrant permitted Sand Hill II to purchase 500,000 shares of Legal Systems Common Stock. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that ground denies the same.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant admits that Thomvest Holdings, Inc. was an investor of Sand Hill II. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and on that ground denies the same.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant admits that Sand Hill II was either liquidated or ceased business operations in or about 2005 and that no request to exercise the Warrant was made at the time of the liquidation or cessation of business. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and on that ground denies the same.

19. Defendant admits that Thomvest sold its interests in Sand Hill Capital Holdings, Inc. ("Holdings") to the Debtor on November 30, 2007. Defendant denies that the Debtor sold any assets to Thomvest on November 30, 2007. Holdings sold its

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 5

DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

1. interests in certain identified assets -- not including the Warrant -- to Thomvest on November 30, 2007.

20. Defendant denies that the Debtor sold any assets to Thomvest on November 30, 2007. Holdings sold its interest in various assets -- not including the Warrant -- to Thomvest on November 30, 2007.

21. Defendant admits that Thomvest alleges that the Warrant was intended to have been among the assets transferred from Holdings to Thomvest on November 30, 2007. Defendant denies the remaining allegations in paragraph 21 of the Complaint.

22. Defendant admits the allegations in paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and on that ground denies the same.

24. Defendant admits that the cash value of the Warrant is valuable, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and on that ground denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and on that ground denies the same.

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 6
DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

1   26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and on that ground denies the same.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and on that ground denies the same.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and on that ground denies the same.

29.    Defendant admits the allegations in paragraph 29 of the Complaint.

## V.    CLAIMS

### FIRST CLAIM FOR RELIEF:

### INTERPLEADER PURSUANT TO 28 U.S.C. § 1335

30.    Defendant repeats and realleges each and every response to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and on that ground denies the same.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and on that ground denies the same.

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 7

DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

33.     Defendant admits that Thomvest and the Trustee assert competing claims to the proceeds of the Warrant.  Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and on that ground denies the same.

34.     Defendant admits that a determination is needed as to the Trustee's and Thomvest's relative rights to the proceeds of the Warrant.  Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and on that ground denies the same.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and on that ground denies the same.

**SECOND CLAIM:**

**DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**

36.     Defendant repeats and realleges each and every response to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.     Defendant admits the allegations in paragraph 37 of the Complaint, provided that Defendant seeks to transfer venue of this proceeding to the Northern District of California.

38.     Defendant admits the allegations in paragraph 38 of the Complaint.

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 8

DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

**FIRST AFFIRMATIVE DEFENSE**

**(Inconvenient Venue)**

The Complaint, and each purported cause of action against Defendant set forth therein, should be transferred to the Northern District of California (and referred to the Bankruptcy Court) as a more convenient forum and in the interest of justice pursuant to 28 U.S.C. §§ 1404(a), 1412.

**SECOND AFFIRMATIVE DEFENSE**

**(Violation of Automatic Stay)**

To the extent that any competing claimant exercises rights against the proceeds of the Warrant that constitute property of the Debtor's estate, such conduct is null and void absent relief from the automatic stay in the Debtor's bankruptcy case pursuant to 11 U.S.C. § 362.

**THIRD AFFIRMATIVE DEFENSE**

**(Reservation of Right to Supplement)**

Defendant reserves the right to amend this Answer and assert such additional defenses as might be discovered following further investigation of the matters set forth in the Complaint.

**STATEMENT OF CLAIM TO FUNDS IN DISPUTE**

1.   The Trustee is the duly-appointed chapter 11 trustee for the Debtor's estate in a case pending before the Bankruptcy Court with all of the rights afforded under title 11 of the United States Code, including 11 U.S.C. § 544.

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 9
DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

2. The Trustee, on behalf of the Debtor's estate, is entitled to the entirety of the proceeds of the Warrant.

3. In 2002, the Warrant was issued by Legal Systems to one of the Debtor's investment companies, Sand Hill II. The Warrant was subsequently transferred to, and is currently held by, Holdings.

4. On November 30, 2007, Thomvest and Holdings entered into a *Stock Purchase and Sale Agreement Between Sand Hill Capital Holdings, Inc. and Thomvest Holdings LLC* (the "Sale Agreement"). A copy of the Sale Agreement is attached hereto and incorporated herein as **Exhibit 1**.

5. Pursuant to the Sale Agreement, Holdings sold certain specified assets consisting of "cash, stock and warrants" listed on Exhibit A to the Sale Agreement to Thomvest.

6. The Warrant was not listed as one of the assets sold by Holdings to Thomvest under the Sale Agreement.

7. The Warrant was retained by Holdings from and after execution and consummation of the Sale Agreement.

8. Concurrently with execution of the Sale Agreement, Thomvest agreed to sell the equity interests in Holdings to the Debtor. The sale is evidenced by a *Stock Purchase and Sale Agreement -- Sale of Sand Hill Capital Holdings, Inc. from Thomvest Holdings LLC to William J. Del Biaggio III*, dated November 30, 2007 ("Stock Purchase Agreement"). A copy of the Stock Purchase Agreement is attached hereto as **Exhibit 2.**

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 10
DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

9. The Stock Purchase Agreement provides that the only asset of Holdings as of the date of the agreement is identified on Exhibit A thereto: a loan from Holdings to a third party that had been written off.

10. The Stock Purchase Agreement contemplates that there may be additional assets that were not sold to Thomvest and that were retained by Holdings.

11. Thomvest, Holdings and the Debtor knew and understood when the Stock Purchase Agreement was executed that not all assets of Holdings had been conveyed to Thomvest.

12. The Stock Purchase Agreement provides that the purchase price between Thomvest and the Debtor for the equity interests in Holdings would remain open until November 30, 2008, to the extent that "any additional value [is] received or due to Sand Hill Capital Holdings, Inc. in connection with assets that are not specifically listed in Exhibit A but which were owed to, held by, or rightfully due Sand Hill Capital Holdings, Inc. as of [November 30, 2007]."

13. The date November 30, 2008 was defined in the Stock Purchase Agreement as the "Final Adjustment Date."

14. The Stock Purchase Agreement provides that "any payments or other value received or realized" in connection with any additional assets of Holdings prior to the Final Adjustment Date would be delivered to Thomvest.

DEFENDANT R. TODD NEILSON'S ANSWER TO
COMPLAINT FOR INTERPLEADER PURSUANT TO 28
U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC.
(Cause No. 11-cv-00361-RSL) – Page 11

DOCS_SF:76886.1

BUSH STROUT &
KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

15. On June 6, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the Bankruptcy Court.

16. Later in June 2008, the Trustee was appointed as the chapter 11 trustee of the Debtor's bankruptcy case.

17. The Warrant was not identified by either Thomvest or the Debtor until 2010, when Plaintiff informed Thomvest and the Trustee of the availability of proceeds on account of the Warrant.

18. Pursuant to the Stock Purchase Agreement, the Debtor became the sole equity holder of Holdings.

19. As of just prior to the Petition Date, the Debtor remained the sole owner of the stock of Holdings and thereby continued to retain all legal and equitable interests in the Warrant.

20. Since the Petition Date, the Trustee, on behalf of the Debtor's estate, has succeeded to all interests of the Debtor in Holdings.

21. All proceeds of the Warrant constitute property of the Debtor's estate under 11 U.S.C. § 541.

WHEREFORE, Defendant prays for the following relief:

1. A determination that the Trustee, on behalf of the Debtor's estate, holds the sole and exclusive right to the proceeds of the Warrant;

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 12

DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

2. An order directing that the entirety of the proceeds of the Warrant be distributed to the Trustee, on behalf of the Debtor's estate; and

3. For such other and further relief as the Court deems just and proper.

DATED this 19th day of May, 2011.

BUSH STROUT & KORNFELD LLP

By   /s/ Gayle E. Bush
   Gayle E. Bush, WSBA #07318

PACHULSKI STANG ZIEHL & JONES LLP

By   /s/ Maxim B. Litvak
   Maxim B. Litvak, CA Bar #215852
   150 California St., 15th Fl.
   San Francisco, CA  94111-4500
   Phone:  (415) 263-7000

Attorneys for Defendant, R. Todd Neilson, solely in his capacity as Trustee of the estate of William Del Biaggio, III

DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC. (Cause No. 11-cv-00361-RSL) – Page 13

DOCS_SF:76886.1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me

## CERTIFICATE OF SERVICE

PAULA J. SUTTON declares as follows:

I hereby certify that on the 19th day of May, 2011, I caused the foregoing DEFENDANT R. TODD NEILSON'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF; STATEMENT OF CLAIM TO FUNDS IN DISPUTE ("Answer") to be electronically filed using the CM/ECF system which will send notification of such filing to the following persons:

Attorneys for Plaintiff:

Charles Christian Sipos
Michael Haldon Himes
PERKINS COIE
1201 Third Avenue, Suite 4800
SEATTLE, WA 98101-3099
MHimes@perkinscoie.com
CSipos@perkinscoie.com

That on the 19th day of May, 2011, I caused copies of the Answer to be mailed, via first-class mail, postage prepaid and sent by facsimile to the following parties:

Counsel for Defendant, Thomvest Holdings, LLC:

Ragesh K. Tangri          Facsimile:  (415) 236-6300
Johanna Calabria
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111

Peter J. Benvenutti       Facsimile:  (415) 875-5700
JONES DAY
555 California Street
26th Floor
San Francisco, CA 94104

DEFENDANT R. TODD NEILSON'S ANSWER TO
COMPLAINT FOR INTERPLEADER PURSUANT TO 28
U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC.
(Cause No. 11-cv-00361-RSL) – Page 14
DOCS_SF:76886.1

BUSH STROUT &
KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | |
|---|---|
| 1 | <u>Counsel for the Official Committee of Unsecured Creditors</u>: |
| 2 | Michael H. Ahrens          Facsimile:  (415) 434-3947<br>SHEPPARD, MULLIN, |
| 3 |   RICHTER and HAMPTON LLP<br>4 Embarcadero Center 17th Fl. |
| 4 | San Francisco, CA  94111 |

     I declare under penalty of perjury under the laws of the state of Washington that the foregoing Proof of Service is true and correct.

     DATED at Seattle, Washington, this 19th day of May, 2011.

                                              /s/ Paula J. Sutton
                                              Paula J. Sutton
                                              Legal Assistant

DEFENDANT R. TODD NEILSON'S ANSWER TO
COMPLAINT FOR INTERPLEADER PURSUANT TO 28
U.S.C. § 1335 AND FOR DECLARATORY RELIEF, ETC.
(Cause No. 11-cv-00361-RSL) – Page 15
DOCS_SF:76886.1

BUSH STROUT &
KORNFELD LLP
LAW OFFICES
601 Union Street, #5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1864 20111 we19gg12me