The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT J. THOMAS, in his capacity as Shareholder Representative on behalf of the shareholders of Legal Systems Holding Company, a Delaware Corporation,<br><br>                  Plaintiff,<br><br>     v.<br><br>WILLIAM JAMES DEL BIAGGIO, III, a California resident, on behalf of his residual interest as General Partner of SAND HILL CAPITAL II, LP, a Delaware Limited Partnership; R. TODD NEILSON, in his capacity as Bankruptcy Trustee for William James Del Biaggio, III, a California resident; THOMVEST HOLDINGS LLC, a Delaware limited liability company; and DOES 1-10,<br><br>                  Defendants. | No. 2:11-CV-00361-RSL<br><br>**THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS** |
| THOMVEST HOLDINGS LLC, a Delaware limited liability company,<br><br>                  Cross-Plaintiff,<br><br>     v.<br><br>WILLIAM JAMES DEL BIAGGIO, III, a California resident, on behalf of his residual interest as General Partner of SAND HILL CAPITAL II, LP, a Delaware Limited Partnership; and R. TODD NEILSON, in his capacity as Bankruptcy Trustee for William James Del Biaggio, III, a California resident,<br><br>                  Cross-Defendants. | |

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

| | |
|---|---|
| THOMVEST HOLDINGS LLC, a Delaware limited liability company, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| SAND HILL CAPITAL HOLDINGS, INC., a Delaware Corporation, | ) ) ) |
| Third-Party Defendant. | ) ) |

Thomvest Holdings LLC ("Thomvest") responds as follows to the Complaint for Interpleader and Declaratory Relief filed against it by Plaintiff Robert J. Thomas ("Thomas"):

## I.   INTRODUCTION

1. Thomvest admits that Thomas, acting as Shareholder Representative, filed this action pursuant to 28 U.S.C. § 1335 and 28 U.S.C. § 2201. Thomvest lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

2. Thomvest admits that Legal Systems issued a September 6, 2002, warrant (the "Warrant") to Sand Hill Capital II, L.P., and that the Warrant is now exercisable for its cash value. Thomvest lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

3. Admitted.

4. Thomvest admits that since the September 6, 2002, issuance of the Warrant, claimants, in addition to the initial holder of the Warrant, have asserted or may assert rights to its proceeds. Thomvest admits that these additional parties include Thomvest and R. Todd Neilson, in his capacity as Bankruptcy Trustee for William James Del Biaggio ("the Trustee"), and that Thomvest and the Trustee have claimed rights to the Warrant proceeds. Thomvest lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

5. Thomvest admits that the Plaintiff Shareholder Representative has initiated

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

this interpleader action under 28 U.S.C. § 1335 and has sought the relief requested in paragraph five of the Complaint, but lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and, on that basis, denies those allegations.

## II.   PARTIES

6. Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

7. Admitted.

8. Admitted.

9. Admitted.

10. Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

## III.   JURISDICTION AND VENUE

11. Thomvest admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335.  Thomvest lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and, on that basis, denies those allegations.

12. Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

## IV.   FACTS

**Issuance of the Warrant in September 2002**

13. Thomvest admits that in 2002, Legal Systems and Sand Hill Capital II, L.P., entered into a Purchase and Assignment Agreement, in which Legal Systems transferred to Sand Hill Capital II, L.P., a warrant that permitted Sand Hill Capital II, L.P., to purchase 500,000 shares of Legal Systems Common Stock.  Thomvest lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and, on that basis, denies those allegations.

14. Admitted.

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

15. Admitted.

16. Admitted.

17. Thomvest admits that Sand Hill Capital II, L.P., is a Delaware limited partnership whose general partner was Sand Hill Capital Management, LLC, and avers that Sand Hill Capital Holdings, Inc., acquired Sand Hill Capital Management, LLC, in 2000. Thomvest admits that the managing member of Sand Hill Capital Management, LLC, was Del Biaggio. Thomvest lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

18. Thomvest admits that Sand Hill Capital II, L.P., was liquidated in 2005 and that no request to exercise the Warrant was made at that time. Thomvest lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and, on that basis, denies those allegations.

**Transfer of Sand Hill Capital Holdings, Inc., and Del Biaggio Interests to Thomvest**

19. Thomvest admits that on November 30, 2007, it sold its interests in Sand Hill Capital Holdings, Inc., to Del Biaggio. Thomvest denies that on November 30, 2007, Del Biaggio sold certain cash, stocks, and warrants to Thomvest, but avers that Sand Hill Capital Holdings, Inc., sold certain cash, stocks, and warrants to Thomvest on that date. Thomvest admits that these transactions were "contemporaneous" only insofar as they were entered into on the same day.

20. Thomvest denies that on November 30, 2007, Del Biaggio sold Sand Hill's interests in several stock warrants to Thomvest, but avers that Sand Hill Capital Holdings, Inc., sold its interests in several stock warrants to Thomvest Holdings LLC on that date.

21. Thomvest denies that it alleges that the Warrant at issue in this lawsuit was intended to have been among the assets transferred from Del Biaggio to Thomvest Holdings LLC on November 30, 2007, but was erroneously not identified among the assets sold by

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT
FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND
FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-
PARTY CLAIMS (2:11-CV-00361-RSL) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  Del Biaggio to Thomvest Holdings LLC.  Thomvest avers that the Warrant was intended to

2  have been among the assets transferred from Sand Hill Capital Holdings, Inc., to Thomvest

3  Holdings LLC on November 30, 2007, but was erroneously not identified among the assets

4  sold by Sand Hill Capital Holdings, Inc., to Thomvest.

5      22.    Admitted.

**Acquisitions of Legal Systems and Exercisable Value of the Warrant**

    23.    Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

    24.    Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

    25.    Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

    26.    Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

    27.    Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

    28.    Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

    29.    Admitted.

### V.   CLAIMS

**FIRST CLAIM:  INTERPLEADER PURSUANT TO 28 U.S.C. § 1335**

    30.    Thomvest adopts and incorporates by reference the responses of paragraphs 1 through 29 above as if fully set forth herein.

    31.    Thomvest admits that Plaintiff asserts that he has in his custody or possession money totaling $9,920,242, which he asserts comprises the current exercisable value of the Warrant.  Thomvest lacks sufficient knowledge or information to form a belief as to the

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT
FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND
FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-
PARTY CLAIMS (2:11-CV-00361-RSL) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

remaining allegations contained in this paragraph and, on that basis, denies those allegations.

32. Thomvest lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, on that basis, denies those allegations.

33. Admitted.

34. Admitted.

35. Thomvest lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

**SECOND CLAIM:  DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**

36. Thomvest adopts and incorporates by reference the responses of paragraphs 1 through 35 above as if fully set forth herein.

37. Admitted.

38. Thomvest admits that Plaintiff seeks a declaration as described in this paragraph.

<u>**AFFIRMATIVE DEFENSES**</u>

Thomvest asserts the following affirmative defenses with respect to the Interpleader Complaint:

**FIRST DEFENSE**

Because the Interpleader Complaint does not plead sufficient facts to enable Thomvest to determine all its applicable defenses with respect to the underlying dispute, Thomvest reserves its right to assert any and all additional defenses once the precise nature of the claims can be ascertained.

**SECOND DEFENSE**

Thomvest asserts all other affirmative defenses that may be revealed during the course of discovery.

<u>**CROSS-CLAIM AND THIRD-PARTY CLAIMS**</u>

Interpleader Defendant Thomvest Holdings LLC ("Thomvest"), by and through its

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

undersigned attorneys, Durie Tangri LLP, for its Cross-Claim against Interpleader Defendants William James Del Biaggio, III ("Del Biaggio"), and R. Todd Neilson ("Neilson"), and its third-party claims against Sand Hill Capital Holdings, Inc. ("Sand Hill Capital Holdings" or "Holdings"), alleges upon knowledge as to itself and its own acts, and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1. As set forth in the Interpleader Complaint, Robert J. Thomas, as Shareholder Representative on behalf of the shareholders of Legal Systems Holding Company ("Legal Systems"), has commenced this interpleader action to resolve who is entitled to the Stake, representing the currently exercisable value of a September 6, 2002, Warrant to Purchase Common Stock (the "Warrant") of Legal Systems.

2. In the fall of 2007, Sand Hill Capital Holdings, Inc., a venture lending firm founded in March 2000 by Del Biaggio, owed Thomvest over $10 million, and Thomvest held a security interest in all of Holdings' assets, which included the Warrant. Holdings agreed to transfer to Thomvest all of Holdings' assets (save one or more specifically identified and valueless assets not pertinent here). Neither Holdings nor Thomvest was then aware the Warrant existed, so the language of the written document effecting the transfer of Holdings' assets to Thomvest failed to list, and transfer, the Warrant.

3. Thomvest seeks a declaration that, pursuant to the agreement between Thomvest and Holdings, the Warrant was to have been transferred to Thomvest, and that therefore, Thomvest is the sole owner of the Warrant and entitled to the full amount of the Stake.

4. Thomvest further seeks a declaration that, to the extent Del Biaggio and/or Neilson claim they are entitled to the Stake, they have no interest in the Stake.

5. Thomvest further seeks, to the extent necessary to obtain a declaration that it

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

is entitled to the Stake, reformation of the written agreement between Holdings and Thomvest on the grounds that the parties agreed and intended to transfer to Thomvest all warrants of any value or potential value, but mistakenly did not include the Warrant as a listed asset in the agreement because neither party was aware of it.

## PARTIES

6. Interpleader Defendant and Third-Party/Cross-Plaintiff Thomvest is a Delaware limited liability company whose sole member is Thomvest Seed Capital Inc., a Canadian corporation. Because Thomvest's sole member is a citizen of Canada, Thomvest is a Canadian citizen.

7. Cross-Defendant Del Biaggio is, on information and belief, a resident and citizen of California, and was the managing member of Sand Hill Capital Management, LLC, a Delaware limited liability company, which was acquired by Holdings in 2000, and which was the sole general partner of Sand Hill Capital II, L.P., a limited partnership organized under the laws of Delaware.

8. Cross-Defendant R. Todd Neilson is, on information and belief, a resident and citizen of California and is the court-appointed Chapter 11 Trustee for the bankruptcy estate of Del Biaggio.

9. Third-Party Defendant Holdings is, on information and belief, a Delaware corporation.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this dispute is between citizens of a State and a foreign citizen, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Additionally, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district under 28 U.S.C. § 1391 because, on information and belief, the Interpleader Funds are being held in this district.

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## STATEMENT OF FACTS

**Thomvest's Interest in Holdings**

12. In 2000, Thomvest International Ltd., an affiliate of Thomvest, loaned $10 million to Holdings.

13. In exchange for the loan, Thomvest International Ltd. received promissory notes and various interests in equity participation in Holdings. In November 2002, Thomvest International Ltd. transferred its Holdings promissory notes and equity interests to Thomvest.

**Holdings, the Funds and Legal Systems**

14. Holdings was the General Partner in three subsidiary funds: (1) Sand Hill Capital II, L.P. ("SHC II, L.P."), (2) Sand Hill Capital IIQ, L.P. ("SHC IIQ, L.P."), and (3) Sand Hill Capital, LLC ("SHC, LLC") (collectively, the "Funds"). The Funds lent money to start-up businesses in exchange for promissory notes and loans and related warrants and other equity participation rights in those businesses.

15. In 2000, Holdings and the Funds became indebted to FB Commercial Finance, Inc. ("First Bank"). The First Bank loan was secured by all business assets of Holdings and the Funds. Thomvest's loan to Holdings was subordinated to the First Bank loan and, as of November 29, 2002, collateralized by all business assets of Holdings and the Funds.

16. In April 2000, SHC II, L.P., loaned funds to Legal Systems. As partial consideration for the loan, Legal Systems issued SHC II, L.P., a warrant dated April 10, 2000, for 720,000 shares of Series B preferred stock, expiring on April 10, 2005, or 2007 and subsequently issued a second warrant to SHC II, L.P., expiring on June 20, 2008.

17. In 2002, Legal Systems and SHC II, L.P., entered into a Purchase and Assignment Agreement whereby SHC II, L.P. transferred to Legal Systems its interest in certain loans in exchange for the Warrant (i.e., the warrant that represents the Stake in the

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

instant action), exercisable in perpetuity for 10 percent of Legal System's shares.

**Holdings Defaults on the First Bank Loan but Repays That Obligation in Full**

18. Holdings and the Funds defaulted on the First Bank loan and, as a result, First Bank indicated its intent to foreclose.

19. In 2002, Del Biaggio was asked to step down as CEO of Holdings and was replaced by Robert Johnson, who became President of Holdings.

20. The First Bank loan was eventually repaid.

21. Holdings came to own all of the assets of the Funds, including all warrants previously held by the Funds (including the Warrant).

22. In 2005, the Funds were wound down.

23. At the time of Holdings' default on its debt to First Bank and following its repayment of that debt in full, Holdings remained indebted to Thomvest in the amount of $10 million.

**The Stock Purchase and Sale Agreement Between Sand Hill Capital Holdings and Thomvest**

24. Following Holdings' repayment of the First Bank loan, Thomvest wished to settle its outstanding debt from Holdings in exchange for all of Holdings' remaining assets.

25. The intention of both parties was to transfer all the assets, performing or non-performing loans and all warrants (save for certain identified assets), from Holdings to Thomvest, in partial satisfaction of the $10 million debt.

26. In furtherance of that mutual intention, on November 30, 2007, Thomvest and Holdings entered into a Stock Purchase and Sale Agreement (the "Holdings-Thomvest SPA"). Through this transaction, Holdings transferred all of its "Stock" (as defined in the Holdings-Thomvest SPA) to Thomvest in exchange for the forgiveness of $788,015.08 of its debt and the contribution of the remaining $9,211,984.92 of the debt to Holdings' capital.

27. At the time of the transaction, both parties believed that this transaction would result in Holdings' retaining ownership of only certain limited assets, not including

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

the Warrant.

28. Also on November 30, 2007, by a separate agreement, Thomvest sold its shares in Holdings to Del Biaggio—who thereby became the sole shareholder of Holdings—in exchange for $1. The parties to that agreement (the "Thomvest-Del Biaggio SPA") were Thomvest, Holdings, and Del Biaggio.

**Del Biaggio's Bankruptcy**

29. On June 6, 2008, Del Biaggio filed for Chapter 11 bankruptcy in the Northern District of California.

30. According to the petition, Del Biaggio had between 50 and 99 creditors and owed between $50 million and $100 million when he filed for bankruptcy. Although Del Biaggio listed as assets a number of entities which he had previously founded, including Sand Hill Ventures, Sand Hill Ventures Debt III and Sand Hill Capital Sakura Fund, he has never listed Sand Hill Capital Holdings, SHC II, L.P, or any of the other Funds as assets at any time during the pendency of the bankruptcy proceedings.

In September 2009, Del Biaggio pled guilty to one count of forging financial documents to obtain a $110 million loan to buy a controlling interest in a professional hockey team. Del Biaggio is currently serving an eight-year federal prison sentence.

### FIRST CLAIM FOR RELIEF—REFORMATION
(Against Holdings)

31. Thomvest realleges and incorporates by reference paragraphs 1 through 30 of the Cross-Claim as if fully set forth herein.

32. The parties to the Holdings-Thomvest SPA came to a specific prior understanding that differed materially from the written agreement, i.e., that all assets of value or potential value—including the Warrant—were to be transferred to Thomvest.

33. The list attached to the Holdings-Thomvest SPA which purported to reflect all of Holdings' warrants at the time the agreement was signed did not in fact do so, in that the Warrant was inadvertently omitted from the list.

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

34. The omission of the Warrant from the list of assets to be transferred from Holdings to Thomvest was a mutual mistake by both parties.

35. The Holdings-Thomvest SPA would have included the Warrant, had the parties known of it.

36. Information about Holdings' assets was in the sole possession of Holdings.

37. Thomvest first learned of the mistake in 2010.

38. Thomvest seeks to have the Holdings-Thomvest SPA reformed to reflect the parties' intent that the Warrant be transferred to Thomvest.

### SECOND CLAIM FOR RELIEF—DECLARATORY JUDGMENT
**(Against All Third-Party and Cross-Defendants)**

39. Thomvest realleges and incorporates by reference paragraphs 1 through 38 of the Cross-Claim as if fully set forth herein.

40. Pursuant to the Holdings-Thomvest SPA, Holdings intended to and did transfer all of its assets (save certain specifically identified and valueless assets) to Thomvest, including the Warrant.

41. Thomvest seeks a declaration from the Court that (a) it is the sole owner of the Warrant and Proceeds and therefore is the rightful owner of the Stake; and (b) neither Del Biaggio, Holdings, R. Todd Neilson, nor any other party has a right to the Stake.

### REQUEST FOR RELIEF

WHEREFORE, Thomvest respectfully requests that the Court enter judgment in its favor as follows:

A. Reforming the Holdings-Thomvest SPA to reflect the parties' true intention that the Warrant be included in the sale to Thomvest.

B. Declaring that Thomvest is the rightful owner of the Warrant and is entitled to the Stake.

C. Declaring that Del Biaggio, R. Todd Neilson, and any other party have no right to the Stake.

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

D.     Directing Thomas (or whatever entity has authority to do so) to release the stake to Thomvest.

E.     Awarding Thomvest such other and further relief, in law and equity, as this Court deems just and proper.

DATED this 19th day of May, 2011.

DURIE TANGRI LLP
Ragesh K. Tangri (pro hac vice application pending)
Johanna Calabria (pro hac vice application pending)
Genevieve P. Rosloff (pro hac vice application pending)
217 Leidesdorff Street
San Francisco, California  94111
415-362-6666
Fax:  415-236-6300
rtangri@durietangri.com
jcalabria@durietangri.com
grosloff@durietangri.com

BYRNES KELLER CROMWELL LLP

By /s/ Jofrey M. McWilliam
    Bradley S. Keller, WSBA #10665
    Jofrey M. McWilliam, WSBA #28441
    1000 Second Avenue, 38th Floor
    Seattle, Washington 98104
    206-622-2000
    Fax:  206-622-2522
    bkeller@byrneskeller.com
    jmcwilliam@byrneskeller.com
Attorneys for Defendant, Cross-Plaintiff and Third-Party Plaintiff THOMVEST HOLDINGS LLC

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 19th day of May, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael Haldon Himes (mhimes@perkinscoie.com)
> Charles Christian Sipos (csipos@perkinscoie.com)
> Perkins Coie LLP
> Counsel for Plaintiff Robert J. Thomas
>
> Miriam Khatiblou (mkhatiblou@pszjlaw.com)
> Maxim B. Litvak (mlitvak@pszjlaw.com)
> Pachulski Stang Ziehl & Jones LLP
> Counsel for Defendant and Cross-Defendant R. Todd Neilson
>
> Michael H. Ahrens (mahrens@sheppardmullin.com)
> Sheppard, Mullin, Richter & Hampton LLP
> Counsel for Official Committee of Unsecured Creditors for the Estate of Del Biaggio

/s/ Jofrey M. McWilliam
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
jmcwilliam@byrneskeller.com

THOMVEST HOLDINGS LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. § 1335 AND FOR DECLARATORY RELIEF, CROSS CLAIM, AND THIRD-PARTY CLAIMS (2:11-CV-00361-RSL) - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000